IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HARVEY BROADUS,

    Plaintiff,

        v.

PRISON HEALTH SERVICES, INC. *c/o CT Corporation Systems*, MICHAEL HERBIK *D.O., c/o State Correctional Institute at Fayette*,

    Defendants.

16cv0751
ELECTRONICALLY FILED

## **MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 30)**

Plaintiff Harvey Broadus initiated this action by filing a Complaint against Defendants Prison Health Services, Inc. ("Prison Health") and Michael Herbik on June 7, 2016. Doc. No. 1. Plaintiff then filed an Amended Complaint naming additional Defendants Correct Care Solutions, Inc. ("Correct Care") and Wexford Health Sources, Inc. ("Wexford Health"). Doc. No. 8. Plaintiff then voluntarily dismissed Defendants Prison Health, doc. nos. 12 and 13, and Wexford Health, doc. nos. 33 and 37, leaving only Defendants Correct Care and Michael Herbik (hereinafter, collectively "Defendants") named in the action.

Those Defendants filed the instant pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's alleged failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (the "PLRA"), and, in the alternative, a motion to dismiss Plaintiff's claim for punitive damages for failure to meet the pleading standard. Doc. Nos. 30 and 31. For the reasons that follow, the Court will DENY Defendant's Motion in all respects.

I.     Background

The Court will not provide a lengthy restatement of the allegations of the Amended Complaint, but a brief summary of the Amended Complaint follows:

Plaintiff was incarcerated at the State Correctional Institution at Fayette.  Doc. No. 8, ¶ 1. Defendants knew Plaintiff was wheelchair-dependent and had a history of atherosclerosis in association with hypertension and diabetes and had a non-healing wound on his left foot.  ¶ 21. On September 1, 2014, Plaintiff requested pain medication for his left foot, which was cool to the touch and had only a faint pulse.  Plaintiff continued to complain of pain , burning, and other symptoms associated with his left foot and leg for the next week.  ¶¶ 22-25.

On September 8, 2014, a physician's assistant found indications of an ischemic ulceration and/or gangrene and ordered a Doppler to be performed by a doctor for a suspected arterial blockage in Plaintiff's left foot.  ¶¶ 26-28.  Defendants performed the Doppler test on September 11, 2014 and indicated that there was a complete absence of blood flow in Plaintiff's superficial femoral, posterior tibial, or dorsalis pedis arteries and noted in his medical record that he needed to be evaluated by a vascular surgeon as soon as possible.  ¶¶ 32-35.  Defendants scheduled the vascular consultation for September 18, 2014.  ¶ 36.

Plaintiff continued to complain of pain and on September 17, 2014, Defendants transported Plaintiff to UPMC Shadyside for an arterial occlusion with an increased temperature; he was evaluated by a vascular surgeon the following day.  ¶¶ 38-42.  The vascular surgeon attempted to perform surgery in an effort to save Plaintiff's leg, but was unsuccessful and ultimately Plaintiff's left leg was amputated below the knee.  ¶¶ 43-46.  Plaintiff alleges that Defendants were deliberately indifferent to Plaintiff's serious medical needs and acted

intentionally, willfully, maliciously, and/or with intent to cause serious injury to Plaintiff. ¶¶ 59 and 65.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required - - Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" - - but a Complaint must set forth sufficient factual allegations that, taken as true, establish a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints must be construed so "as to do substantial justice." Fed. R. Civ. P. 8(f).

The plausibility standard does not require a showing that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A claim is plausible when the plaintiff alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555. The United States Court of Appeals for the Third Circuit instructs that a District Court must undertake three steps to determine whether a complaint sets forth a plausible claim for relief:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires the Court to consider the nature of the claims presented and determine whether the facts pled are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

The Court must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

The Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail. *Twombly*, 550 U.S. at 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. A complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler,* 578 F.3d at 212. If a plaintiff sets forth sufficient facts to raise a "reasonable expectation that discovery will reveal evidence of the necessary elements" of plaintiff's claims, a motion to dismiss should be denied. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

4

### III. Discussion

#### A. *The Prison Litigation Reform Act is Not Applicable*

Although Plaintiff's lawsuit relates to a time period when he was incarcerated, Plaintiff has adequately shown that he was not a prisoner at the time he filed this action on June 7, 2016. Doc. No. 36-1 (Notice from Commonwealth of Pennsylvania Board of Probation and Parole granting Plaintiff parole on or around July 2, 2015).

The PLRA, and its requirement that a prisoner exhaust the administrative remedies available wherever he is incarcerated before filing a lawsuit, applies only to prisoners. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The United States Court of Appeals for the Third Circuit specifically adopted the position that the PLRA does not apply to plaintiffs who file lawsuits concerning prison conditions after the plaintiffs are released from incarceration. *Ahmed v. Dragovich*, 297 F.3d 201, 210 and n.10 (3d Cir. 2002) (also noting that every Court of Appeals to have considered this issue had adopted the same position).

Accordingly, Defendant's Motion to Dismiss for failure to exhaust administrative remedies pursuant to the PLRA is DENIED.

#### B. *Plaintiff's Claim for Punitive Damages*

Under Pennsylvania law, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). As the Court of Appeals clarified in *Connelly*, a claim should not be dismissed under Rule 12(b)(6) at the pleading stage if the

complaint sets forth sufficient facts to raise a "reasonable expectation that discovery will reveal evidence of the necessary elements[.]" 809 F.3d at 789.

Plaintiff has satisfied this burden here. He has set forth sufficient factual allegations that support a plausible claim for punitive damages. *McDaniel v. Merck, Sharp & Dohme*, 533 A.2d 436, 447–48 (Pa. 1987), cited by Defendants in support of their Motion, supports the proposition that dismissal of a claim for punitive damages under similar circumstances, at the pleading stage, is premature:

> [A]ppellant pled sufficient facts to allow a punitive damages claim against Merck. Appellant's complaint alleged that appellee Merck knew of a serious risk of illness and death resulting from Mefoxin use, and deliberately and negligently failed to communicate that knowledge to the medical community. This allegation concerning Merck's culpable state of mind provided a sufficient basis for a punitive damages claim because it alleged misconduct on Merck's part beyond that conduct required in the underlying strict liability claim. "*The state of mind of the actor is vital [in a punitive damages claim].*" *Feld v. Merriam,* 506 Pa. 383, 396, 485 A.2d 742, 747 (1984). Where appellant in pleadings alleged facts that demonstrate the requisite state of mind, punitive damages may be awarded. Accordingly, we reverse the trial court's dismissal of the punitive damages claim as to appellee Merck.

*Id.* (emphasis added).

Plaintiff's Amended Complaint contains similar allegations regarding Defendants' "state of mind." It is plausible that discovery may uncover additional evidence to support the claim for punitive damages. *See Connelly*, 809 F.3d at 789. Accordingly, Defendants' Motion to Dismiss Plaintiff's claim for punitive damages is DENIED without prejudice to Defendants to raise this issue, if appropriate, at summary judgment.

**IV. Conclusion**

Defendants' Motion to Dismiss for Failure to State a Claim, doc. no. 30, is DENIED.

                                      SO ORDERED this 1st day of September, 2016,

                                      s/Arthur J. Schwab
                                      Arthur J. Schwab
                                      United States District Judge