IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY BROADUS, | CIVIL ACTION NO. |
| | 2:16-CV-00751-AJS |
| Plaintiff, | |
| v. | |
| CORRECT CARE SOLUTIONS, INC.; MICHAEL HERBIK, D.O., c/o STATE CORRECTIONAL INSTITUTE AT FAYETTE, | **JURY TRIAL DEMANDED** |
| Defendants | |

**MOTION OF DEFENDANTS, CORRECT CARE SOLUTIONS, LLC AND MICHAEL HERBIK, D.O., TO PRECLUDE, IN PART, THE TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT, KENNON TUBBS, M.D.**

Defendants, CORRECT CARE SOLUTIONS, LLC, Michael Herbik, D.O., by and through their undersigned counsel, pursuant to Federal Rules of Evidence 104(a), 403, and 702, move this Court for an Order excluding, in part, the testimony of Dr. Kennon Tubbs, one of Plaintiff's medical experts, for the reasons which follow:

1. Mr. Broadus alleges in this case that Dr. Herbik and the staff employed by Correct Care Solutions, LLC, at the Commonwealth of Pennsylvania's State Correctional Institution—Fayette located in Fayette County, Pennsylvania, were negligent in their medical care and treatment of him and that the same caused Mr. Broadus to have to undergo a left below-the-knee amputation.

2. Mr. Broadus disclosed Dr. Kennon Tubbs as his expert witness and provided a report authored by Dr. Tubbs dated December 29, 2015.

3. In his report, Dr. Tubbs, a family medicine specialist, purports to opine that the mismanagement of Mr. Broadus's peripheral vascular disease was the cause of the amputation.

4. Causation in this case, by Dr. Tubbs' own admission during his discovery deposition taking on August 1, 2017 in Salt Lake City, Utah, is a subject beyond his expertise.[1]

5. It is respectfully submitted therefore that Dr. Tubbs is not qualified to render an opinion on causation in this case. Defendants request a ruling that Dr. Tubbs' testimony, if any, be confined to whether the medical care providers met the applicable standard of care.

6. Dr. Tubbs is not a vascular medicine specialist and he does not practice vascular surgery. Dr. Tubbs has never done research or published articles with respect to vascular disease.

7. During Dr. Tubbs' deposition, Dr. Tubbs relied on and testified from vascular surgery articles taken from medical journals, which were marked collectively as Exhibit 3..

8. Dr. Tubbs testified that he would not contradict anything a vascular surgeon said, including that he would not take issue with any opinion contained in the April, 2017 report of Defendants' vascular surgery expert, Thomas Naslund, M.D. Dr. Naslund's opinion is that the Defendants' alleged delay in treatment did not cause Mr. Broadus to have to undergo amputation.

9. Dr. Tubbs' opinions regarding causation do not meet the reliability standards set forth in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), and incorporated into Federal Rule of Evidence 702. Accordingly, any testimony which Plaintiff may offer from Dr. Tubbs on the issue of the medical causation of Plaintiff's amputation should be disallowed.[2]

---

[1] Defense counsel's return flight from deposing Dr. Tubbs on August 1, 2017 in Salt Lake City, Utah landed in Pittsburgh precisely at 12:00 a.m. on August 2, 2017. Though Daubert Motions were due on August 1, 2017, this Motion is being prepared as soon following the deposition as practicable and it is respectfully submitted that Plaintiff is not prejudiced by this filing a few hours after the filing deadline. Defendants also respectfully request leave to supplement this Motion upon receipt of the transcript of Dr. Tubbs' deposition.

[2] There were several instances during Dr. Tubbs' deposition where Plaintiff's counsel conceded that Defendants' counsel's questions seeking to explore and test Dr. Tubbs' opinions on causation were "beyond Dr. Tubbs' expertise." Therefore, it could be that court involvement will not be necessary and that the parties may be able to resolve this issue on their own. Indeed, Plaintiff has identified a vascular surgery specialist, Russell Samson, M.D. from Florida, as an expert. Dr. Samson's discovery deposition (footnote continued)

10.     Dr. Tubbs is not qualified to offer causation opinions in this case. His board certification is in family medicine.[3] His clinical practice consists of working in various correctional institutions treating inmates, similar to a general family practice. Dr. Tubbs does not practice vascular surgery or vascular medicine.

WHEREFORE, Defendants, CORRECT CARE SOLUTIONS, LLC and Michael Herbik, D.O., respectfully request that this Court enter an Order excluding Dr. Tubbs from testifying in this case with regard to medical causation.

                                   Respectfully submitted,

                                   /s/Donald H. Smith
                                   Donald H. Smith
                                   LEWIS BRISBOIS BISGAARD & SMITH
                                   429 Fourth Avenue, Suite 805
                                   Pittsburgh, PA 15219
                                   (412) 567-5596 Telephone

---

is scheduled to be taken on August 15, 2017. Dr. Samson's expected testimony on causation would render any causation opinion proffered by Dr. Tubbs cumulative anyway.

[3] Dr. Tubbs allowed his board certification in family practice to lapse in approximately 2007 because the prison system he was working for at the time refused to agree to reimburse him for the cost of taking the test and Dr. Tubbs did not want to pay for it out of his own pocket. Dr. Tubbs sat for the test again in 2016 and because recertified.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following via the Court's ECF system this 2nd day of August, 2017:

> Brendan B. Lupetin, Esquire
> Meyers Evans Lupetin & Unatin, LLC
> The Gulf Tower, Suite 3200
> 707 Grant Street
> Pittsburgh, PA 15219
> blupetin@meyersmedmal.com
> *Counsel for Plaintiff*

        Respectfully submitted,

        DONALD H. SMITH
        LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    /s/Donald H. Smith
        Donald H. Smith
        Attorneys for Defendants Correct Care Solutions, LLC and Michael Herbik, D.O.

4816-4972-2188.1